E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**3/10/2020 11:47 AM**

CLERK OF STATE COURT

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**ADRIANA MENDEZ**

**Plaintiff**

**Versus**

**CASE NO.** 20-C-01702-S3

**WAL-MART STORES, INC. and**

**WAL-MART STORES EAST, L.P.**

**Defendant**

# SUMMONS

**TO THE ABOVE- NAMED DEFENDANT:**

**Wal-Mart Stores, Inc.**
**c/o Registered Agent, The Corporation Company**
**112 North Main Street**
**Cumming, Georgia 30040**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Linda G. Carpenter**
**Attorney At Law**
**51 Lenox Pointe, N.E.**
**Atlanta, Georgia, 30324**
**lgc@brosnahan-law.com**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.

This 10TH day of _____ MARCH _____, 2020.

D/ **Clerk of State Court**

**EXHIBIT B**

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**3/10/2020 11:47 AM**

*[signature]*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ADRIANA MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. 20-C-01702-S3 |
| WAL-MART STORES, INC. AND | ) |
| WAL-MART STORES EAST, L.P. | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT FOR DAMAGES

Plaintiff Adriana Mendez ("Plaintiff" or "Mendez") files this Complaint against Defendants

Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (hereinafter jointly referred to as "Defendants"

or "Wal-Mart") and shows the Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff Adriana Mendez is a resident of Georgia and resides at 3122 Hamilton Road,

Lawrenceville, Georgia 30044-4321.

2.

Defendant Wal-Mart Stores, Inc. is an Arkansas Corporation with its principal place of

business located at 702 S.W. 8th St., Bentonville, Arkansas 72716. Wal-Mart may be served with

process by serving their registered agent, The Corporation Company, 112 North Main Street,

Cumming, Georgia 30040.

3.

Defendant Wal-Mart Stores East, L.P. is an Arkansas Limited Partnership with its principal place of business located at 702 S.W. 8th St., Bentonville, Arkansas 72716. Wal-Mart may be served with process by serving their registered agent, The Corporation Company, 112 North Main Street, Cumming, Georgia 30040.

4.

Venue of this action is properly laid in Gwinnett County, Georgia, and this Court has proper jurisdiction over this action.

## STATEMENT OF FACTS

5.

On September 15, 2018, Plaintiff was a business invitee at Wal-Mart Store # 3074 located at 3059 Lawrenceville Highway, Lawrenceville, Gwinnett County, Georgia 30044. While Plaintiff was shopping at Wal-Mart Store # 3074, she slipped and fell from liquid that was on the floor.

6

At all times material to this action, Defendants operated, managed and/or controlled the premises at Wal-Mart Store # 3074 located at 3059 Lawrenceville Highway, Lawrenceville, GA 30044 (hereinafter referred to as the "Premises").

## NEGLIGENCE

7.

At all times material to this action, Plaintiff was an invitee on the Premises.

8.

At all times material to this action, Defendants had a non-delegable duty to properly maintain

Page | 2

the Premises and to ensure that the Premises was free of hazards which could foreseeably cause bodily injury and harm to invitees, including Plaintiff.

9.

Defendants had a duty to inspect the Premises to discover dangerous and hazardous conditions that may cause injuries to its invitees, and to either eliminate such dangerous and hazardous conditions or to warn its invitees, including Plaintiff, of the existence of any such dangerous or hazardous conditions.

10.

On September 15, 2018, Defendants caused, created and/or permitted an unsafe, dangerous and hazardous condition to exist at the Premises, failed to undertake reasonable inspections of the Premises and/or failed to either eliminate such unsafe, dangerous and hazardous condition or to warn Plaintiff of the existence of the hazardous and dangerous condition.

11.

On September 15, 2018, Plaintiff, while lawfully on the Premises as an invitee of Defendants, Plaintiff was injured as a result of the dangerous, hazardous and unsafe condition of the Premises caused, created and/or unlawfully permitted by Defendants and/or their employees or agents for whom Defendants are vicariously liable.

12.

Defendants failed to cure the dangerous and hazardous condition of the liquid on the floor of the Premises while Plaintiff was an invitee of Defendants and failed to warn Plaintiff of the dangerous and hazardous condition.

13.

Defendants knew or should have known of the dangerous condition, should have corrected it and should have warned Plaintiff of said dangerous condition.

14.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained bodily injury, continues to endure pain and suffering, and continues to incur medical expenses and lost wages and other damages to be proven at trial.

15.

At all times pertinent hereto, Defendants and their agents and/or employees had superior knowledge of the unsafe condition of their premises which proximately caused Plaintiff's injuries, said condition at all times prior to her injury being unknown to Plaintiff.

WHEREFORE, Plaintiff prays for the following:

     a) That the Defendants be served with process required by law;

     b) That the Plaintiff be granted a trial by jury;

     c) That the Defendants be found liable for damages sustained by the Plaintiff due to the negligence of the Defendants;

     d) That the Defendants be found liable for all court costs associated with this action and for all other costs and damages to be determined by this Court;

     e) That Plaintiff be awarded damages in such sums as this Court and jury shall find appropriate based upon the evidence submitted at the time of trial;

     f) That Plaintiff be awarded attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-1; and

g) That Plaintiff be granted such other and further relief as this Honorable Court

may deem as necessary and proper.

This 4th day of March, 2020.

THE BROSNAHAN LAW FIRM

/s/ Linda G. Carpenter
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
Attorneys for Plaintiff

51 Lenox Pointe, N.E.
Atlanta, Georgia 30324
(404) 923-7570
(678) 904-6391 (Facsimile)

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-01702-S3
3/10/2020 11:47 AM

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of GWINNETT _____ **County**

*signature*
CLERK OF STATE COURT

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | ´ **Case Number** 20-C-01702-S3 |

**Plaintiff(s)**
MENDEZ, ADRIANA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
WAL-MART STORES, INC.
WAL-MART STORES EAST, L.P.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** LINDA G. CARPENTER _____   **Bar Number** 111285 _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**3/10/2020 11:47 AM**

CLERK OF STATE COURT

GWINNETT

IN THE STATE COURT OF ~~FORSYTH~~ COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ADRIANA MENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: 20-C-01702-S3 |
| WAL-MART STORES, INC. AND | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Plaintiff herewith submits to Defendants the following Request for Admissions:

1.

Please admit Service.

2.

Please admit proper Service of Process.

3.

Please admit that this Court has jurisdiction over this case.

4.

Please admit that this Court has proper Venue for this case.

5.

Please admit that Plaintiff Adrianna Mendez sustained injuries which caused

pain and suffering.

This 4th day of March, 2020.

THE BROSNAHAN LAW FIRM

*/s/ Linda G. Carpenter*
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
E-mail: kwb@brosnahan-law.com
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
51 Lenox Pointe, N.E.                                E-mail: lgc@brosnahan-law.com
Atlanta, Georgia 30324                               **Attorneys for Plaintiff**
Tel:    (404) 923-7570
Fax:    (678) 904-6391

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**3/10/2020 11:47 AM**

~~*signature*~~ CLERK OF STATE COURT

GWINNETT
IN THE STATE COURT OF ~~FORSYTH~~ COUNTY
STATE OF GEORGIA

ADRIANA MENDEZ,                      )
                                     )
    Plaintiff,               )
                                     )
v.                                   )      CIVIL ACTION
                                     )      FILE NO.:**20-C-01702-S3**
WAL-MART STORES, INC. AND            )
WAL-MART STORES EAST, L.P.,          )
                                     )
    Defendants.              )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Pursuant to O.C.G.A. §§9-11-26 and 9-11-33, Plaintiff submits to Defendants the following Interrogatories:

## INTRUCTIONS

(i)    You are required to answer all the following Interrogatories, separately and fully in writing under oath, within thirty (30) days of receipt.

(ii)    You are under a duty to seasonably supplement your responses with respect to any question or request directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of his/her testimony.

(iii)    You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) is no longer true.

(iv)    Except where specifically limited to a different time period, all inquiries require responses through the date of final disposition of this litigation.

## DEFINITIONS

1.      The term "Plaintiff" shall mean Plaintiff, her attorneys or agents, and all persons acting on her behalf. Accordingly, as used herein, the term "Plaintiff" refers without limitation to Plaintiff Adriana Mendez and her representatives, executors, administrators, successors-in-interest, assigns, agents, attorneys, employees, consultants, partners, and anyone else currently or formerly acting or purporting to act on her behalf for any purpose whatsoever.

2.      As used herein, the term "Defendants" or "you" shall refer to Defendant Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and their representatives, predecessors, successors, parents, subsidiaries, affiliates, divisions, executors, administrators, successors-in-interest, assigns, agents, attorneys, employees, officers, directors, consultants, partners, and anyone else currently or formerly acting or purporting to act on its behalf for any purpose whatsoever.

3.      The terms "communication[s]," "communicate," and "communicated" shall be construed to refer to any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby information of any nature is transmitted or transferred.

4.      "Complaint" means the Complaint for Damages that was filed under the civil action file number appearing on the caption of the instant document.

5.      The term "Answer" shall mean Defendants' Answer to the Complaint that was filed or will be filed by Defendants under the civil action file number appearing on the caption of the instant document.

6.      "Concern" or "concerning" means relating to, bearing on, involving, engaging,

occupying or regarding.

7.      "Document" is used herein in its broadest sense and includes any writings, recordings or photographs, whether original or duplicate, as defined in O.C.G.A. § 9-11-34(a), and shall also include but not be limited to all writings, emails, letters, telephone memoranda, inter-office memoranda, memoranda of conversations, notes, telegrams, telexes, diaries, minutes, calendars, studies, logs, accounting reports, ledgers, journals, books, notebooks, plans, records, forms, charts, graphs, worksheets, estimating sheets, computation sheets, computer printouts and programs, and all other things of like nature, including drafts or non-identical reproductions, in any form, of the foregoing items. "Document" also includes and refers to information recorded and/or stored on tape, disc, record or by electronic or other means, as well as information stored on computer systems, microfilms, microfiche and the like. Any document containing written or other interlineations in addition to that contained on another document must be produced in addition to that other document. "Document" also includes and refers to the file or any container holding or which once held any documents, as well as to any writing or printing which may appear on such file or container. "Documents" also includes all documents annexed to the responsive document.

8.      When used in reference to a person, "identify" means to set forth: the person's name; the person's present or last known business address and telephone number and, if applicable e-mail address; the person's present or last known residence address and telephone number; the person's present employer and position; and if the person is employed by you, and holds or once held an executive, managerial, and/or supervisory position for any kind of commercial or financial activity, each position the person has

held with you and the period of time during which such position was held.

9.      When used in reference to a document, "identify" means to set forth: the document's date and approximate date of preparation; the document's title, if any; the type of document; the substance of the document, including, but not limited to, its subject matter; the present and/or last known location of the document and any copies of it, as well as the name of the custodian of the document and/or any copies of it; the identity of each person who was its author and/or signatory.

10.     When used in reference to a payment or to a transfer of property, "identify" means to set forth: the date of that day if the payment or other transfer was completed in the course of a single day; state if the payment or other transfer was not completed in the course of a single day: the date the transferor sent the property to the transferee/recipient; and the date the transferee received the property; the method of payment or other transfer (i.e., check, cash, cashier's check, wire transfer, etc.); if the payment or other transfer was by check, state: the date of the check; the amount of the check; the payer of the check; the payee of the check; the endorser of the check; the date the check was cashed or deposited; and if the check was returned for insufficient funds and was later re-deposited, the date the check was returned, the date it was re-deposited, and the date it was honored; the identity of the transferor and transferee of the property transferred; the nature and amount of the property transferred; the benefit or consideration received by the transferor in exchange for the property transferred; and the identification of all documents relating to or referring to the payment or other transfer.

11.     "Person" shall be construed to include any natural person and legal entity, including without limitation individuals, partnerships, firms, associations, joint ventures,

corporations, proprietorships or other entities, whether real or fictitious, and/or arising by operation of law.

12.     The terms "referring" or "relating to" shall be construed to mean constituting, reflecting, representing, supporting, contradicting, stating, describing, recording, noting, embodying, containing, relevant to, mentioning, studying, analyzing, discussing or evaluating.

13.     "Reflecting" means embodying, containing, recording, noting, referring to, relating to, describing or mentioning.

14.     The term "Incident" shall mean the incident involving Plaintiff described in the Complaint wherein Plaintiff slipped and fell while at Wal-Mart Store # 3074, located at 3059 Lawrenceville Highway, Lawrenceville, GA 30044 on or about September 15, 2018.

15.     The term "Premises" shall mean Defendant's Wal-Mart Store # 3074, located at 3059 Lawrenceville Highway, Lawrenceville, GA 30044.

## INTERROGATORIES

### 1.

If you contend that jurisdiction, venue, or service is improper as to you or that you are not a proper party to this action, please state all facts upon which you rely in support of your contention, state the county in which venue is proper, state the address at which you can be properly served, and state why you contend that you are not a proper party and identify the name(s) and address of the person who you contend is the proper party defendant to this action.

### 2.

Please identify the name, address and telephone number of all persons who to your knowledge: (a) were witnesses to the Incident; (b) arrived at the scene within thirty (30) minutes of the Incident; and/or (c) has knowledge concerning the Incident.

3.

Describe fully and completely all arrangements the Defendants or any of their agents or employees had for the care and maintenance of the Premises, including the floors of the Premises and the floors in the area where the Incident occurred.

4.

State the name, address, and employer of all persons who, to your knowledge, information or belief, have investigated any aspect of the Incident described in Plaintiff's Complaint.

5.

Identify the substance of any and all statements made by the Plaintiff to any other individual with regard to the Incident described in Plaintiff's Complaint, including the identity, address and telephone number of the person or persons to whom such statements were made.

6.

Please indicate whether Defendants are in possession of any reports related to the Incident. If so, please provide the names, addresses and telephone numbers of all persons who participated in preparing the report, as well as the names, addresses and telephone numbers of those persons who presently have custody of said report(s).

7.

List the names and addresses of all persons who were employed by Defendants,

whose duties included any aspect of store inspections and/or maintenance at Wal-Mart Store #3074, including, but not limited to, inspections and/or maintenance of the area of the Incident involving Plaintiff and described in the Complaint, for the period commencing **January 1, 2018 through and including December 31, 2018**, and in providing your answer, please indicate which individuals are no longer employed by Defendants.

8.

Please state with specificity any and all procedures that were in place for the period commencing **January 1, 2018 through and including December 31, 2018**, regarding the inspection and maintenance of the area where the Incident forming the basis of Plaintiff's Complaint occurred.

9.

Please state the names, addresses, telephone numbers and titles of the persons having the most knowledge concerning Defendants' inspection procedures with respect to the area where the Incident forming the basis of Plaintiff's Complaint occurred commencing on **January 1, 2018 through and including December 31, 2018**.

10.

Please identify any dates of inspection, for the period commencing **January 1, 2018 through December 31, 2018**, on which Defendants inspected the area where the Incident occurred.

11.

Was the condition of the area where the Incident occurred remediated or altered in any way after the Incident?  If so, please indicate who ordered the remediation or

alteration, the reason for the remediation or alteration, and what was done to remediate or alter the area.

12.

Please state in detail the factual basis for each defense raised in your Answer to Plaintiff's Complaint.

13.

If Defendants allege that Plaintiff caused or contributed in any way to the Incident forming the basis of her Complaint, please state all facts supporting such allegations and identify all persons possessing knowledge of said facts.

14.

Please state whether or not you contend any other person contributed in any way to the subject Incident, and if so, pleases state:

A.     the name and address of the person who you contend contributed to same; and

B.     please state in detail the allegations of negligence, common law or negligence per se, allegations which you contend were committed by said person.

15.

What are the names, addresses, home telephone numbers, places of employment, job title or capacities, and present whereabouts of all witnesses known to you or to your representatives acting on your or their behalf who saw, or claim they saw, all or any part of the occurrence complained of in this action.

16.

What are the names, addresses, home telephone numbers, places of employment, job title or capacities, and present whereabouts of all persons having knowledge of any aspect of this case?

17.

What are the names, addresses, home telephone numbers, places of employment, job title or capacities, and present whereabouts of all persons known to you or your representative who have given written or recorded statements covering the facts and circumstances of the Incident which is the subject matter of this litigation, listing for each such statement, the date of same and by whom each said statement was given, and who presently has possession, custody or control of any statement?

18.

Do you, your attorneys, your insurer or anyone acting on your or their behalf have or know of any photographs, motion pictures, video tapes, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in this action, the scene of the Incident, or the area made either before, after, or at the time of the Incident in question, including any photographs, video tapes, or movies made of Plaintiff herein at any time since the incident referred to in the Complaint.

19.

Please state whether or not there was any liability insurance in force on the date of the occurrence complained of which extended coverage to you, and for each such policy please state:

A.     The name of the insured in said policy;

B.     The policy number of each said policy;

C.      The name of each insurance company who issued said policy; and,

D.      The limits of liability for personal injury under each and every applicable policy.

20.

Please identify all experts you have engaged or will engage to assist in the investigation and/or defense of this lawsuit.

21.

Please state the name, address and telephone number of each person you expect to call as an expert witness at the trial of this case and for each such person give the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify and a summary of the grounds for each such opinion.

22.

In regard to any document that has not been produced on grounds of alleged privilege or protection of any kind, please state the following: (a) the date each document was generated; (b) the person generating each documents; (c) the present custodian of each document; and (d) a description of each document.

This 4th day of March, 2020.

THE BROSNAHAN LAW FIRM

*/s/ Linda G. Carpenter*
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
Attorneys for Plaintiff

51 Lenox Pointe, N.E.
Atlanta, Georgia 30324

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**3/10/2020 11:47 AM**

*signature*
CLERK OF STATE COURT

GWINNETT

IN THE STATE COURT OF ~~FORSYTH~~ COUNTY

STATE OF GEORGIA

ADRIANA MENDEZ,                    )
                                   )
     Plaintiff,                     )
                                   )
v.                                 )       CIVIL ACTION
                                   )       FILE NO. 20-C-01702-S3
WAL-MART STORES, INC. AND          )
WAL-MART STORES EAST, L.P.,        )
                                   )
     Defendants.                    )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to O.C.G.A. §§9-11-26 and 9-11-34, Plaintiff serves Defendants with Plaintiff's

First Request for Production of Documents. The documents are to be produced at the offices of The

Brosnahan Law Firm, 51 Lenox Pointe, Atlanta, Georgia 30324.

## DEFINITIONS

The following definitions apply to Plaintiff's First Request for Production of Documents to

Defendants:

1.    The term "Plaintiff" shall mean Plaintiff, her attorneys or agents, and all persons acting on

her behalf. Accordingly, as used herein, the term "Plaintiff" refers without limitation to Plaintiff

Adriana Mendez and her representatives, executors, administrators, successors-in-interest, assigns,

agents, attorneys, employees, consultants, partners, and anyone else currently or formerly acting or

purporting to act on her behalf for any purpose whatsoever.

2.    As used herein, the term "Defendants" or "you" shall refer to Defendant Wal-Mart Stores,

Inc., Wal-Mart Stores East, L.P., and their representatives, predecessors, successors, parents,

subsidiaries, affiliates, divisions, executors, administrators, successors-in-interest, assigns, agents,

Page | 1

attorneys, employees, officers, directors, consultants, partners, and anyone else currently or formerly acting or purporting to act on its behalf for any purpose whatsoever.

3.    The terms "communication[s]," "communicate," and "communicated" shall be construed to refer to any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby information of any nature is transmitted or transferred.

4.    "Complaint" means the Complaint for Damages that was filed under the civil action file number appearing on the caption of the instant document.

5.    The term "Answer" shall mean Defendants' Answer to the Complaint that was filed or will be filed by Defendants under the civil action file number appearing on the caption of the instant document.

6.    "Concern" or "concerning" means relating to, bearing on, involving, engaging, occupying or regarding.

7.    "Document" is used herein in its broadest sense and includes any writings, recordings or photographs, whether original or duplicate, as defined in O.C.G.A. § 9-11-34(a), and shall also include but not be limited to all writings, emails, letters, telephone memoranda, inter-office memoranda, memoranda of conversations, notes, telegrams, telexes, diaries, minutes, calendars, studies, logs, accounting reports, ledgers, journals, books, notebooks, plans, records, forms, charts, graphs, worksheets, estimating sheets, computation sheets, computer printouts and programs, and all other things of like nature, including drafts or non-identical reproductions, in any form, of the foregoing items. "Document" also includes and refers to information recorded and/or stored on tape, disc, record or by electronic or other means, as well as information stored on computer systems, microfilms, microfiche and the like. Any document containing written or other interlineations in

addition to that contained on another document must be produced in addition to that other document.
"Document" also includes and refers to the file or any container holding or which once held any
documents, as well as to any writing or printing which may appear on such file or container.
"Documents" also includes all documents annexed to the responsive document.

8.      When used in reference to a person, "identify" means to set forth: the person's name; the
person's present or last known business address and telephone number and, if applicable e-mail
address; the person's present or last known residence address and telephone number; the person's
present employer and position; and if the person is employed by you, and holds or once held an
executive, managerial, and/or supervisory position for any kind of commercial or financial activity,
each position the person has held with you and the period of time during which such position was
held.

9.      When used in reference to a document, "identify" means to set forth: the document's date
and approximate date of preparation; the document's title, if any; the type of document; the
substance of the document, including, but not limited to, its subject matter; the present and/or last
known location of the document and any copies of it, as well as the name of the custodian of the
document and/or any copies of it; the identity of each person who was its author and/or signatory.

10.     When used in reference to a payment or to a transfer of property, "identify" means to set
forth: the date of that day if the payment or other transfer was completed in the course of a single
day; state if the payment or other transfer was not completed in the course of a single day: the date
the transferor sent the property to the transferee/recipient; and the date the transferee received the
property; the method of payment or other transfer (i.e., check, cash, cashier's check, wire transfer,
etc.); if the payment or other transfer was by check, state: the date of the check; the amount of the

check; the payer of the check; the payee of the check; the endorser of the check; the date the check was cashed or deposited; and if the check was returned for insufficient funds and was later re-deposited, the date the check was returned, the date it was re-deposited, and the date it was honored; the identity of the transferor and transferee of the property transferred; the nature and amount of the property transferred; the benefit or consideration received by the transferor in exchange for the property transferred; and the identification of all documents relating to or referring to the payment or other transfer.

11.     "Person" shall be construed to include any natural person and legal entity, including without limitation individuals, partnerships, firms, associations, joint ventures, corporations, proprietorships or other entities, whether real or fictitious, and/or arising by operation of law.

12.     The terms "referring" or "relating to" shall be construed to mean constituting, reflecting, representing, supporting, contradicting, stating, describing, recording, noting, embodying, containing, relevant to, mentioning, studying, analyzing, discussing or evaluating.

13.     "Reflecting" means embodying, containing, recording, noting, referring to, relating to, describing or mentioning.

14.     The term "Incident" shall mean the incident involving Plaintiff described in the Complaint wherein Plaintiff slipped and fell while at Wal-Mart Store # 3074, located at 3059 Lawrenceville Highway, Lawrenceville, GA 30044.

15.     The term "Premises" shall mean Defendants' Wal-Mart Store # 3074, located at 3059 Lawrenceville Highway, Lawrenceville, GA 30044.

## REQUESTS

### 1.

Please produce any and all reports, findings, records, or any other documents, letters or other items of documentary or tangible evidence which prove, support or constitute evidence of any fact or circumstance upon which you base the allegations or defenses contained in your Answer.

### 2.

Please produce any and all reports, findings, records or any other documents, letters or other items of documentary or tangible evidence referred to in your answers to Plaintiff's First Interrogatories to Defendants.

### 3.

Please produce any and all reports, findings, records or any other document, letters or other items of documentary or tangible evidence relied upon to demonstrate or support facts relevant to this litigation.

### 4.

Please produce any and all books, documents or reports outlining the opinions of any "expert" witnesses referred to in your answers to Interrogatories.

### 5.

Please produce any statements (written, recorded or otherwise) obtained from Plaintiff.

### 6.

Please produce any statements (written, recorded or otherwise) obtained from any person who claims to have seen or who saw any part of the Incident complained of in this action.

7.

Please produce any statements (written, recorded or otherwise) obtained from any person who has knowledge of any aspect of this case.

8.

Please produce any photographs, motion pictures, video tapes, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in this action and /or the scene of the Incident, made before, during, after, or at the time of the Incident in question, including, but not limited to, any photographs, video tapes, or movies made of the area where the Incident occurred, the Incident itself, and/or Plaintiff herein at any time since the Incident referred to in the Complaint.

9.

For the time period of **January 1, 2018 through and including December 31, 2018**, please produce any documents referring to, evidencing or referencing any maintenance performed at the Premises, including, but not limited to, maintenance of the area where the Incident occurred.

10.

For the time period of **January 1, 2018 through and including December 31, 2018**, please produce any documents referring to, evidencing or referencing any inspection performed on the Premises, including, but not limited to, any inspection of the area where the Incident occurred.

11.

Please produce any and all policy and procedure manuals, guidelines, memoranda or other documents evidencing any policies and procedures concerning the inspection, cleaning or maintenance of the area where the Incident forming the basis of Plaintiff's Complaint occurred.

Complaint.

## 18.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where the Incident forming the basis of Plaintiff's Complaint occurred in the last five years.

## 19.

Please produce any surveillance videos taken on the day of the Incident forming the basis of Plaintiff's Complaint.

## 20.

Please produce any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where Plaintiff fell for the past five years.

This 4th day of March, 2020.

THE BROSNAHAN LAW FIRM

*/s/ Linda G. Carpenter*
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
Attorneys for Plaintiff

51 Lenox Pointe, N.E.
Atlanta, Georgia 30324
(404) 923-7570
(678) 904-6391 (Facsimile)

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**6/9/2020 8:06 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ADRIANA MENDEZ,                              Civil Action File No.
                                             20-C-01702-S3
         Plaintiff,

v.

WAL-MART STORES, INC.
AND WAL-MART STORES EAST, LP,

         Defendants.

_____/

### ANSWER OF DEFENDANTS

COME NOW, Defendants WAL-MART STORES, INC. and WAL-MART

STORES EAST, LP, and make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Wal-Mart Stores, Inc. is not a proper Defendant.

### SECOND DEFENSE

Jurisdiction is not proper as to Wal-Mart Stores, Inc.

### THIRD DEFENSE

Venue is not proper as to Wal-Mart Stores, Inc.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted.

Page -1-

## FIFTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## SEVENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## EIGHTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## SEVENTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## EIGHTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant Wal-Mart Stores East, LP admits the allegations contained in paragraph 4 of the Plaintiff's Complaint at this time.  Defendant Wal-Mart Stores, Inc. denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store. Defendants deny the remaining allegations contained in paragraph 6 of the

Plaintiff's Complaint.

7.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint. Plaintiff was not an invitee of Wal-Mart Stores, Inc.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's

Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

17.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), f) and g) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088



/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com


Page -6-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES, INC. AND WAL-MART STORES EAST, LP

has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>  9th  </u> day of June, 2020.

McLAIN & MERRITT, P.C.


<u> /s/ Howard M.  Lessinger   </u>
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-01702-S3
6/9/2020 8:06 AM

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLERK OF STATE COURT

ADRIANA MENDEZ,                                          Civil Action File No.
                                                         20-C-01702-S3
                Plaintiff,

v.

WAL-MART STORES, INC.
AND WAL-MART STORES EAST, LP,

                Defendants.
_____/

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 9th day of September, 2020,

commencing at 11:00 a.m., at the Brosnahan Law Firm, 51 Lenox Pointe NE, Atlanta,

GA, the deposition will be taken of  Adriana Mendez.  Said deposition will be taken

for purposes of discovery and all other purposes provided by law before an officer

duly authorized to administer oaths.  The deposition shall continue from day-to-day

until completion.    This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

    /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION has this day been filed and served upon opposing counsel via Odyssey

eFileGA.

This the __9th__ day of June, 2020.

McLAIN & MERRITT, P.C.


__/s/ Howard M.  Lessinger__
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-01702-S3
6/9/2020 8:06 AM

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLERK OF STATE COURT

ADRIANA MENDEZ,                                 Civil Action File No.
                                                20-C-01702-S3
                Plaintiff,

v.

WAL-MART STORES, INC.
AND WAL-MART STORES EAST, LP,

                Defendants.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby

certifies that the following discovery has been served upon all persons identified in

the Certificate of Service attached hereto and incorporated herein by reference:

1)      ANSWERS TO REQUEST FOR ADMISSIONS

2)      INTERROGATORIES AND REQUEST FOR PRODUCTION

3)      REQUEST FOR ADMISSIONS TO PLAINTIFF


                        McLAIN & MERRITT, P.C.

                        /s/ Howard M.  Lessinger
                        Howard M. Lessinger
                        Georgia Bar No. 447088
                        Attorneys for Defendants
                        WAL-MART STORES, INC.
                        WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  9th day of June, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-01702-S3**
**6/9/2020 8:06 AM**

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ADRIANA MENDEZ,                                  Civil Action File No.
                                                 20-C-01702-S3
               Plaintiff,

v.

WAL-MART STORES, INC.
AND WAL-MART STORES EAST, LP,

               Defendants.

_____/

## 12-PERSON JURY DEMAND

COME NOW Defendants, WAL-MART STORES, INC. and WAL-MART

STORES EAST, LP, and demand a trial by a jury of twelve (12) persons.

                              McLAIN & MERRITT, P.C.

                              /s/ Howard M. Lessinger
                              Howard M. Lessinger
                              Georgia Bar No. 447088
                              Attorneys for Defendants
                              WAL-MART STORES, INC.
                              WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  9th   day of June, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-01702-S3**
**7/24/2020 3:51 PM**

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ADRIANA MENDEZ, | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO.: 20-C-01702-S3 |
| v. | : | |
| | : | |
| WAL-MART STORES, INC. AND | : | |
| WAL-MART STORES EAST, L.P. | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party or counsel in the foregoing matter with a copy of **PLAINTIFF'S RESPONSES TO WAL-MART STORES, INC., and WAL-MART STORES EAST, L.P.'s FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF, PLAINTIFF'S RESPONSES AND OBJECTIONS TO WAL-MART STORES, INC. AND WAL-MART STORES EAST, L.P.'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by email, as follows:

Howard Lessinger, Esq.
Jennie Rogers, Esq.
McLAIN & MERRITT, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
hlessinger@mmatlaw.com
jrogers@mmatlaw.com
**Attorneys for Walmart, Inc. and Wal-Mart Stores East, LP**

DATED this 24th day of July, 2020.

THE BROSNAHAN LAW FIRM

_____
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
E-mail:  kwb@brosnahan-law.com
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
E-mail:  lgc@brosnahan-law.com
**Attorneys for Plaintiff**

51 Lenox Pointe, N.E.
Atlanta, Georgia 30324
Tel:    (404) 923-7570
Fax:    (678) 904-6391

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-01702-S3**
**7/24/2020 10:48 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ADRIANA MENDEZ,

               Plaintiff,

v.

WAL-MART STORES, INC.
AND WAL-MART STORES EAST, LP,

               Defendants.

_____/

Civil Action File No.
20-C-01702-S3

## **CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES; and;

2) DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

               McLAIN & MERRITT, P.C.

               /s/ Jennie E. Rogers
               Jennie E. Rogers
               Georgia Bar No. 612725
               Attorney for Defendants
               WAL-MART STORES, INC.
               WAL-MART STORES EAST, LP

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 24th day of July, 2020.

McLAIN & MERRITT, P.C.


*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP


3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com